**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LONNIE MASSEY**                                                    **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO.  3:14CV582 HTW-LRA**

**JOHNNIE DENMARK**                                        **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Lonnie Massey seeks federal habeas relief under 28 U.S.C. § 2254.  Respondent Johnnie Denmark filed a Response to the petition wherein he asserts that Massey is not entitled to federal habeas relief because his claims are procedurally defaulted and without merit.  As a thorough review of the case supports the Respondent's contention, the Court recommends that the petition be dismissed.

On December 6, 2010, Massey pled guilty to two counts of possession of a firearm by a previously convicted felon and one count of aggravated assault in the Circuit Court of Madison County, Mississippi.  Pursuant to 28 U.S.C. § 2254 (e)(1), the following factual determinations are presumed to be correct:

> On March 29, 2009, the Madison County Sheriff's Department dispatched deputies to a store on Ratliff Ferry Road in Madison County. A caller had reported two men were fighting, and at least one of the men had a firearm. Upon arrival, the deputies were informed that the men had left. The deputies went to a nearby house trailer and witnessed Massey holding a .410 shotgun inside the dwelling.  As a result of this encounter, Massey was indicted for possession of a firearm by a previously convicted felon. He had been convicted in Louisiana of multiple felonies.
>
> On or about August 29, 2009, law enforcement officers responded to a call that alleged Massey had fired a .22 rifle at his neighbors, Ande Daniel and

> Cynthia Pacquin. They executed reports and attested that Massey had in fact fired a gun at them.
>
> As a result of these separate events, Massey was charged with possession of a firearm by a previously convicted felon and two counts of aggravated assault.

*Massey v. State*, 131 So.3d 1213, 1215 (Miss. Ct. App. 2013) *reh'g denied*, Nov. 5, 2013, *cert. denied,* Feb. 13, 2014.

Massey's first defense attorney was appointed in the summer of 2010 and recommended a guilty plea.  Although she filed a motion to compel discovery, on December 6, 2010, Massey alleged that she had not diligently represented him.  That same day, Massey was appointed a new attorney who negotiated a plea deal dropping the aggravated assault charge of Pacquin in exchange for a guilty plea on the remaining charges.  *Id.*

On the two counts of possession of a firearm, Massey was sentenced to serve concurrent ten-year terms in the custody of the Mississippi Department of Corrections ("MDOC").  On the count of aggravated assault of Daniel, he was sentenced to twenty years to run consecutively to the possession of a firearm charge, with one day to serve and the remainder of the sentence suspended, and five years of post-release supervision.[1]  Aggrieved, Massey filed a motion for post-conviction relief on October 17, 2011, challenging the voluntariness of his guilty plea, the effectiveness of his counsel, and the

---

[1]The docket indicates that Massey is no longer in MDOC custody.  He is presumed to be on supervised release.

2

validity of his sentence. He also claimed to have newly discovered exonerating evidence. The trial court denied the motion for post-conviction relief on January 3, 2012, and the Mississippi Court of Appeals affirmed the denial on July 16, 2013.

While the appeal was pending before the Mississippi Court of Appeals, Massey filed a "Motion for Court Order to Vacate Sentence and Conviction," which was liberally construed by the state courts as a second motion for post-conviction relief. As grounds, Massey alleged, *inter alia*, that in an effort to circumvent an ineffective assistance of counsel claim, his newly appointed counsel and the circuit clerk conspired to backdate his guilty-plea petition so as to cover up counsel's failure to investigate his case. The record indicates that Massey pled guilty on December 6, 2010, but the guilty plea petition was signed on November 6, 2010.[2]

On December 5, 2012, the Mississippi Supreme Court found that the motion was improperly filed, and denied it without prejudice to Massey's right to file it in the trial court. On February 4, 2013, Massey filed the motion to vacate in the trial court and it was subsequently dismissed as successive and without merit by that court on March 8, 2013. Aggrieved, Massey appealed the denial to the Mississippi Supreme Court, and raised the following as grounds (as stated by petitioner):

> A. After being appointed, [the new attorney] went immediately to the Honorable District Attorney for Madison County and negotiated a plea deal.

---

[2]ECF No. 12-1, pp. 85-91, 12-11, pp. 3-8.

3

    B.      To see and witness very clear evidence of conspiracy, appellant asks this Honorable Court to see the last page of the "Best-Interest" plea bargain.[3]

On April 8, 2014, the Mississippi Court of Appeals affirmed the lower court's dismissal of Massey's second post-conviction motion as a successive writ. *Massey v. State*, 144 So.3d 204 (Miss. Ct. App. 2014), *reh'g denied*, Aug.12, 2014, *cert. denied*, Nov. 6, 2014. The Court alternatively found that the claims raised therein were barred by res judicata and without merit.

On July 28, 2014, Massey filed the instant petition for habeas relief raising the following grounds (as stated by Petitioner):

    1.      Involuntary Plea – All charges where ran together for a package deal, on 12-6-10, at the pre-trial conference hearing. <u>The Circuit Court Judge, Mr. Richardson, said "If he don't take the deal and is found guilty, Im going to do what the law allows me to do."</u> That is a very clear threat made by the judge. No objection from defense attorney. Made plea to best interest, "not guilt."

    2.      Ineffective Assistance of Counsel, Violation of 6th Amendment right to effective counsel – The circuit court appointed [a new attorney] to take the place of [the previous attorney], on 12-6-2010. [He] went immediately to the State for a plea deal. [He] was offered two (2) witnesses to support that a false report was made, [he] was not interested in nothing but a fast guilty plea. [He] would not object to threats made. [He] would not ask to continue the case to do investigation or contact witnesses.

    3.      <u>Denying Transcript of Hearing</u>, "Evidence," Violation of Equal Protection. Denied Records and Transcripts –Petition has filed motion after motion requesting the pre-trial conference transcript of 12-6-2010, to show and <u>use as evidence that threats [were] made to</u>

---

[3]ECF No. 12-8, pp. 2-16.

>induce a guilty plea. The courts have denied every attempt this petitioner has made for the transcript. The hearing on December 6, 2010 is this Petitioner's, Massey's, evidence that proves his case.

4. Denied Rights to Fundamental Fairness and Due Process; Denied Transcript of Hearing on 12-6-2010 – Petitioner filed a motion to the Court of Appeals asking for his Right to Fundamental Fairness and Due Process. The court denied Petitioner's motions. Petitioner seeks his seriously needed transcript of the pre-trial conference hearing on 12-6-2010, to prove his case, "Threats [were] made," and to show why [new counsel] was appointed. "Denied by the Courts."[4]

## Discussion

This Court's review of Petitioner's claims for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under the Act, this Court cannot grant a petitioner federal habeas corpus relief for any claim that was adjudicated on the merits in a state court proceeding, unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under 28 U.S.C. § 2254(d)(1), this court reviews questions of law as well as mixed questions of law and fact, while questions of fact are reviewed under 28 U.S.C. § 2254(d)(2).

---

[4]ECF No. 1, pp. 1-21 (emphasis in original).

Under the first prong, the clauses "contrary to" and "unreasonable application of" are independent bases for granting federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court's decision is "contrary to" federal law if it contradicts Supreme Court precedent or reaches a different result on materially indistinguishable facts. *Id.* Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court "correctly identifies the governing legal principle" but then "unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685 694 (2002). The state court's decision must be objectively unreasonable, not merely erroneous or incorrect. *Wood v. Allen,* 558 U.S. 290, 301 (2010).

AEDPA's second prong requires that federal courts defer to a state court's factual determinations unless they are based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Morales v. Thaler*, 714 F.3d 295, 301 (5th Cir. 2013). Deference is critical because federal courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002); *Jasper v. Thaler*, 466 F. App'x 429, 435 (5th Cir. 2012). Thus, we presume the state court's determination of a factual issue is correct, unless a petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254 (e)(1).

However, applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *Parr v.*

6

*Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

## Procedurally Defaulted Claims

Massey has never presented to the state courts his allegation in ground one that the trial judge induced him to plead guilty. In state post-conviction proceedings, Massey argued that his guilty plea was made under duress from counsel, not the court; specifically, he alleged that counsel threatened that he would be labeled a habitual offender if he did not plead guilty. Exhaustion requires that a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith*, 422 F.3d at 276. It is not enough to avoid the procedural bar that a "somewhat similar state-law claim was made." *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004). Thus, this claim was not exhausted.

Massey has also never properly presented his allegations in grounds three and four that the denial/omission of pre-trial conference transcripts violated his rights to equal protection and due process. Although argued in supplemental motions filed while his

7

post-conviction appeal was pending,[5] Massey did not raise and discuss these grounds in his appellate brief. Accordingly, the court of appeals did not address these issues in its appellate opinion, "demonstrating that the Court did not consider those claims to be properly before it." *Shelton v. King*, 548 F. Supp.2d 288, 302-03 (S.D. Miss. 2008). In an order denying Massey's supplemental motions dated April 8, 2014, the appeals court found that "the documents he seeks either do not exist or are unrelated to the voluntariness of his plea, which is the subject of his appeal."[6]

By failing to present grounds one, three, and four for state court review, Massey has not given the state courts one full opportunity to consider any constitutional issues. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Were he to attempt to do so now, his claims would likely be deemed procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 736 n.1. (1991) (procedural default occurs when a prisoner fails to exhaust available state remedies and the "court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"). When state remedies are rendered unavailable by Petitioner's own procedural default, or when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993)).

---

[5] ECF No. 12-10, p. 67.

[6] ECF No. 12-10.

This Court may nevertheless consider the merits of a procedurally defaulted claim if the petitioner shows "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that "failure to consider the claim will result in a fundamental miscarriage of justice." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998). To establish cause, "there must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. Massey does not identify any external impediment which prevented him from raising ground one until now, nor does he explain his failure to properly present the transcript claims in grounds three and four on post-conviction appeal. To the extent that he asserts omission of the pre-trial conference transcript from the record as cause for these defaults, the argument is unavailing for the reasons stated by the appeals court in its order of April 7, 2014. Absent cause, this Court need not consider whether he suffered actual prejudice. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997).

Massey has also failed to demonstrate that failure to consider these claims on the merits will result in a fundamental miscarriage of justice. The miscarriage of justice exception is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995)). Notably, Massey only maintains his innocence on the aggravated assault charge. He concedes in post-conviction filings that he is, in fact, guilty of the other two counts. Regardless, Massey pled guilty to committing the crimes of his conviction, and although

9

he challenges the voluntariness of his guilty plea, he has not shown as a factual matter with "new and reliable evidence" that he did not commit the offenses for which he pled guilty. *See Bagwell*, 372 F.3d at 757 (finding no miscarriage of justice where "no colorable showing of factual innocence" had been made).[7] Massey has, therefore, defaulted the allegations in grounds one, three and four, and this Court cannot review these claims on the merits.

Notwithstanding Massey's procedural default of ground one, the state appeals court rejected on the merits, Massey's overarching claim on his first post-conviction appeal that his guilty plea was involuntary. A guilty plea is consistent with due process and will be upheld on federal habeas review only if it is entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000). When a defendant proclaims his innocence, but pleads guilty, due process is satisfied if the State can establish a "factual basis for the plea." *North Carolina v. Alford*, 400 U.S. 26, 38 (1970).

On post-conviction review, the state appeals court noted that Massey's written plea petition provided a sufficient factual basis:

> My lawyer advises me and I understand that the charge to which I am pleading guilty in cause/count number **2010 – 483/2** is **aggravated assault**. The elements of that crime are that I did willfully, unlawfully, feloniously, knowingly **attempt to cause bodily injury to Ande Daniel by shooting at**

---

[7]Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

...

**him with a deadly weapon a firearm.**[8]

*Massey v. State*, 131 So.3d at 1216 (emphasis in opinion). In addition, the court observed that Massey gave sworn testimony that he understood the charges against him, and that he "was advised of the rights, challenges, and triable claims he waived upon entering a guilty plea." *Id.* at 1217. The court further held that Massey's own unsupported allegations of coercion (by counsel) were insufficient in light of his plea colloquy. The following exchanges occurred at Massey's guilty plea hearing:

> **THE COURT:** Do you understand the nature of the charge or charges to which you are pleading guilty, Mr. Massey?
>
> A:   Yes, sir.
>
> **THE COURT:** Do you understand the nature and consequences of entering a plea of guilty to the charge or charges, Mr. Massey?
>
> A:   Yes, sir.
>
> **The COURT:** Did you sign or initial each page of your Guilty Plea Petition, Mr. Massey?
>
> A:   Yes, sir.
>
> **THE COURT:** Have you read your Petition to plead guilty and has your attorney advised you of what's contained in your Petition to plead guilty, Mr. Massey?
>
> A:   Yes, sir.
>
> **THE COURT:** Okay. Is every representation or statement made in your Guilty Plea Petition true and correct, Mr. Massey?
>
> A:   Yes, sir.
> . . . .

---

[8] ECF No. 11-1, p. 3.

| | |
|---|---|
| **THE COURT:** | Have you been told that the Court would be more lenient or easier on you if you come in here and plead guilty rather than go to trial other than any plea bargain agreement reached between you, your attorney and the State of Mississippi, Mr. Massey? |
| A: | No , sir. |
| **THE COURT:** | Have you been unduly influenced, pressured, intimidated, threatened, forced, coerced or promised any hope of reward to plead guilty, Mr. Massey? |
| A: | No, sir. |
| **THE COURT:** | Who made the decision to enter the plea of guilty in your case, Mr. Massey? |
| A: | I did. |
| **THE COURT:** | Are you absolutely sure, Mr. Massey? |
| A. | Yes, sir.  Yes, sir.[9] |

The above exchanges reflect that Massey's guilty plea was voluntary.  Contrary to what Massey argues, an "individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Alford*, 400 U.S. at 37.  Massey was informed of the nature of the charges against him, and he acknowledged in open court and under oath that his plea was freely and voluntarily given.  "[T]he representations of the defendant, his lawyer, and the prosecutor [at the original plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open

---

[9]ECF No. 12-3, pp.  4-5, 8.

court carry a strong presumption of verity." *Gallow v. Cooper*, 505 F.App'x. 285, 294-95 (5th Cir. 2012) (quotation omitted). The state court's rejection of this claim was not contrary to or an unreasonable application of federal law.

Next, the Court turns to Massey's assertion that the circuit clerk and his court-appointed counsel conspired to alter the date on his plea petition. Although not listed as a separate and distinct ground in his petition for federal habeas relief, Massey argues in his supporting memorandum that he noticed the alleged alteration when he discovered that the pre-trial conference transcript was omitted from the record.[10]

This claim was rejected by the Mississippi Court of Appeals as procedurally barred on post-conviction review because Massey failed to raise it in his first post-conviction motion in the lower court. *Massey*, 131 So.3d at 1219. When the state court "clearly and expressly states that its judgment rests on a state procedural bar, a presumption arises that the state court decision rests on independent and adequate state law grounds." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997).

Under the procedural default doctrine, federal courts are precluded from considering a habeas claim when the state court rejected the claim on an independent and adequate state law ground. *Martin v. Maxey*, 98 F.3d 844 (5th Cir. 1996). To be adequate, a procedural bar rule must be "strictly or regularly" applied by the state to the "vast majority of similar claims." *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995). The

---

[10]ECF No. 2, p. 4.

habeas petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Stokes v. Anderson*, 123 F.3d 858, 860 (1997).

Massey cannot show an "inconsistent and irregular" application here. Mississippi has consistently held that: "If a prisoner fails to raise all of his claims in his original petition for post-conviction relief, those claims will be procedurally barred if the petition seeks to bring them for the first time on appeal to this Court." *Massey,* 131 So.3d at 1219. (citations omitted). Massey's procedural default could be excused if he could "satisfy the 'cause and prejudice' standard" with respect to this claim. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). But he offers no explanation for his failure to fully exhaust this claim in the lower court, nor has he demonstrated that failure to consider his claim on the merits will result in fundamental miscarriage of justice. Accordingly, this claim is procedurally barred from federal review.

Notwithstanding Massey's procedural default, the Mississippi Court of Appeals alternatively found that Massey's conspiracy claim was without merit as it was not "material to the charges and would not have changed the outcome of a trial. At best, it would be useful as impeachment evidence." *Massey*, 131 So.3d at 1219. Massey has not shown this finding was objectively unreasonable, or contrary to clearly established federal law.

### Ineffective Assistance Claims

Lastly, Massey asserts that he is entitled to federal habeas relief because counsel was constitutionally ineffective for two primary reasons: (1) he failed to object to coercion and threats made by the trial judge during the pre-trial conference; and, (2) he immediately negotiated a plea agreement without investigating or contacting potential witnesses. Specifically, Massey alleges that Daniel filed a false report, and that he (Massey) informed counsel prior to entering his guilty plea, that a witness, Patricia Sessums, could substantiate his claim that the report was false.

As a threshold matter, Massey's assertion that counsel was ineffective for failing to object to the trial court's threat is procedurally defaulted because Massey failed to raise it on state post-conviction review. As with his other unexhausted claims, Massey provides no explanation or any other argument to overcome his procedural default.[11] Thus, the court considers only Massey's allegation that counsel was ineffective for failing to investigate and contact witnesses. This claim was considered and rejected by the Mississippi Court of Appeals on post-conviction review for failing "to meet the evidentiary burden necessary to establish a claim of ineffective assistance of counsel." *Massey*, 131 So.3d at 1217.

---

[11] Even if Massey could overcome the procedural default, counsel cannot be deficient for failing to make "futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (1990). Warnings to a defendant that a harsher sentence may be imposed if he proceeds to trial do not render a guilty plea involuntary. *See Alford*, 400 U.S. at 38.

To prevail on a claim of ineffective assistance of counsel, the petitioner must prove that "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To demonstrate the requisite *Strickland* prejudice in the context of a guilty plea, the petitioner must show but for counsel's pretrial errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Johnson v. Cain*, 548 F.App'x. 260, 261 (5th Cir. 2013). "Surmounting *Strickland'*s high bar is never an easy task" and "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Premo v. Moore,* 562 U.S. 115, 122 (2011) (internal quotation marks and citations omitted).

Here, the court of appeals noted that notwithstanding his complaints that counsel was ineffective, Massey made the following concession on appeal: "It is very true that Mr. Conner, did not violate the *Strickland* test, a[n] attorney has got to make a se[rio]us errors in order to violate that test." *Massey,* 131 So.3d at 1218. In addition, the court noted:

> The high burden set by *Strickland,* 466 U.S. at 668, 104 S.Ct. 2052, requires Massey to provide credible evidence that counsel actually prejudiced his case. Massey has not offered any evidence beyond his own unsubstantiated allegations. Without other evidence, these are not sufficient grounds to find counsel ineffective. *See Vielee v. State*, 653 So.2d 920, 922 (Miss.1995) (in the PCCR context, "where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit").

> Further, the record reflects the State had sufficient evidence against Massey to make it a reasonable probability he would be convicted at trial. Massey was fully informed of the State's evidence and Sessums's potential

16

> testimony when he pled guilty. Massey swore in court, and in his written plea, that he agreed with the State's allegations against him, he was satisfied with his counsel, and he had no complaints with either attorney's advice. Massey's second counsel effectively negotiated a deal with the State that eliminated one charge and reduced his prospective prison sentence by nearly fifty years.

*Id.* An independent review of the record fails to show clear and convincing evidence to the contrary. Massey has not shown that the state court's findings are contrary to, or involved an unreasonable application of, clearly established law.

Moreover, a valid guilty plea waives all nonjurisdictional defects in the plea proceedings, "except for ineffectiveness claims related to the voluntariness of the plea." *Gallow v. Cooper*, 505 F. App'x 285, 294 (5th Cir. 2012). Thus, to the extent they are unrelated, Massey's claims of ineffective assistance based on counsel's failure to conduct an independent investigation and to interview witnesses on his behalf were waived by his guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Even if they were not waived, the claims are without merit for the reasons found on state post-conviction review.

A petitioner seeking to show ineffective assistance of counsel by failing to investigate a witness must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). But as the state court found, Massey presents nothing more than his own bare allegations that witnesses would have presented

17

exonerating evidence; he presents no witness affidavits from Sessums or any other evidence to support his claims.[12] *See* 28 U.S.C. § (e)(1); *Ross v. Estelle*, 694 F.2d 1008, 1011–12 and n. 2 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value.").

Massey's petition falls far short of the clear and convincing evidence necessary to rebut the declarations he made in open court that his plea was knowing and voluntary. Absent a showing of deficient performance or prejudice, Petitioner cannot show that the state court's denial of his ineffective assistance of counsel claims was contrary to, or an unreasonable application of *Strickland*.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

---

[12]The court notes that although Massey argued on post-conviction appeal that he was unable to secure an affidavit from Sessums because he was incarcerated, the docket in this court indicates that Massey filed a notice of change address on September 15, 2015, indicating that he was no longer in MDOC custody. *Massey*, 131 So.3d at 1218.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 17th day of January 2017.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE